# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YOLANDA TALAMANTES, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| | § | SA-08-CV-0583 OG (NN) |
| CHROMALLOY GAS TURBINE CORPORATION, | § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION ON MOTION TO REMAND

**TO:** Honorable Orlando Garcia
United States District Judge

This report and recommendation addresses plaintiff Yolanda Talamantes's motion to remand.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion and response,[3] I recommend granting the motion to remand.

## Nature of the Case and Procedural Background

Talamantes filed this case in state court in the 57th Judicial District Court, Bexar County,

---

[1] Docket entry # 7.

[2] Docket entry # 15.

[3] Docket entry # 11.

Texas,[4] naming Turbine Support, Inc.; Turbine Support Service, Inc.; Turbine Support Systems, Inc. (Together, the Turbine defendants); and Chromalloy Gas Turbine Corporation (Chromalloy), as defendants. Talamantes alleges that the defendants' gross negligence resulted in the death of her husband, Pedro Talamantes. Talamantes claims that Pedro died after he was exposed to various hazardous, noxious, toxic and dangerous chemicals and materials during the course of Pedro's employment with Turbine Support Division in San Antonio, Texas. Talamantes maintains that the Texas Workers' Compensation Act (the Act) permits her to bring a wrongful death cause of action based on an employer's grossly negligent conduct, because she is Pedro's widow and the defendants were subscribers to the Act. Talamantes seeks damages for injury resulting from gross negligence, as well as exemplary damages under section 41.003(a)(3) of the Texas Civil Practice and Remedies Code.

Chromalloy removed the case to this court on the basis of diversity of citizenship.[5] Chromalloy asserted that the Turbine defendants were fraudulently joined, such that complete diversity exists between Talamantes and Chromalloy. Talamantes moved to remand the case, on three grounds: (1) the defendants failed to show complete diversity, (2) Chromalloy failed to obtain the consent of all defendants, and (3) the case is not removable under federal statute. Because the latter ground is dispositive, this report and recommendation discusses whether this case is removable. Since filing the motion to remand, Talamantes moved to dismiss the Turbine defendants. The district court dismissed those defendants.[6] No dispute exists about whether

---

[4]Docket entry # 1, attached complaint.

[5]Docket entry # 1, p. 2.

[6]Docket entry # 15.

diversity exists between Talamantes and Chromalloy.

## Applicable Standards

Federal courts possess diversity jurisdiction in cases involving controversies between citizens of different states with an amount in controversy exceeding $75,000.00.[7] A defendant seeking to remove a case to federal court "bears the burden of establishing federal jurisdiction over the state-court suit."[8] This is because removal deprives a state court of jurisdiction over an action properly before it, raising "significant federalism concerns . . . which mandate strict construction of the removal statute."[9] Once a plaintiff moves to remand, the defendant must prove the existence of federal court jurisdiction and show why removal is proper.[10] If the defendant does not provide sufficient evidence justifying removal, "any doubt as to the propriety of removal [must be resolved] . . . in favor of remand."[11]

There are exceptions to a federal court's general removal jurisdiction, including when "an Act of Congress expressly prohibits removal."[12] Section 1445(c) of title 28 of the United States Code applies to most claims involving state workers' compensation. The statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State *may not be removed* to any district court of the United States."[13] Chromalloy bears the burden of

---

[7] 28 U.S.C. § 1332(1).

[8] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[9] *Id.* at 365–66 (citation omitted).

[10] *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

[11] *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (footnote omitted).

[12] *Sherrod v. Am. Airlines*, 132 F.3d 1112, 1118 (5th Cir. 1998) (citing 28 U.S.C. § 1441(a)).

[13] 28 U.S.C. § 1445(c) (emphasis added).

showing why this statutory prohibition against removal does not apply in this case. If Chromalloy fails in this effort, the district court must remand this case to state court.

## Applicability of 28 U.S.C. § 1445(c)

Chromalloy maintains that section 1445(c) permits removal because Talamantes's claims do not arise under the Texas's workers compensation laws.[14] Chromalloy argues that Talamantes's cause of action for gross negligence is independent of and completely unrelated to the administrative process under the Texas Workers' Compensation Act (the Act), the case does not "arise under" the Act for the purpose of section 1445(c). Chromalloy argues that Talamantes's claim for exemplary damages does not arise under the Act because the Supreme Court of Texas has stated that the Act does not create an independent cause of action for exemplary damages.

In *Jones v. Roadway Express*,[15] the Fifth Circuit analyzed when section 1445(c) applied to state workers' compensation claims in the context of a plaintiff's claim for retaliatory discharge.[16] The court noted that "whether a state has codified a statute as part of its workers' compensation chapter does not determine whether a claim filed under that statute is one 'arising under the [state's] workers' compensation laws' for the purpose of section 1445(c)."[17] The court adopted the standard used to determine whether a court possesses federal question jurisdiction over a claim: a case arises under a state's workers' compensation law when the suit "arises under

---

[14]Docket entry # 11, p. 6.

[15]*Jones v. Roadway Express,* 931 F.2d 1086 (5th Cir. 1991).

[16]*Id.* at 1087.

[17]*Id.* at 1092.

4

the law that creates the cause of action."[18]  Applying that standard here, I conclude that Talamantes's claims arise under the Act.

Talamantes brings her claims under section 408.001(b) of the Act which provides: "This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused . . . by the employer's gross negligence."[19]  Because she is Pedro's surviving spouse, this provision permits Talamates to sue Chromalloy for gross negligence causing Pedro's death.  Without this statute, Talamantes would have no cause of action against Chromalloy because section 408.001(a) makes the Act the exclusive remedy for employees covered by workers' compensation insurance coverage.[20]  The Act is the law that creates Talamantes's cause of action—a claim by a surviving spouse seeking recovery of exemplary damages caused by an employer's gross negligence.  Because no dispute exits about whether Pedro was covered by workers' compensation insurance coverage, Talamantes's claim for recovery of exemplary damages caused by Chromalloy's gross negligence "arises under" Texas's  "workmen's compensation laws."

The Fifth Circuit's opinion in *Jones* supports this conclusion.  Before reaching its "arising under" analysis, the *Jones* court discussed Congress's intent in enacting section 1445(c).  The court concluded the statute was enacted to "restrict diversity jurisdiction and to stop the removal of [workers'] compensation cases which were increasing the already overburdened docket of the

---

[18]*Id*. ("We do not see any reason not to define 'arising under' in section 1445(c) as we have defined it in [28 U.S.C. §] 1331.")

[19]Tex. Lab. Code Ann. § 408.001(b) (Vernon 2006).

[20]*Id*. at § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.").

federal courts."[21] A broad reading of section 1445(c) was urged because "Congress intended that *all cases* arising under a state's workers' compensation scheme remain in state court."[22] The court recognized "a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."[23] Further, the court noted that it "ha[d] been reluctant 'to strain to find a way to entertain workmen's compensation suits'" because these cases "have little real business in a federal court."[24] The court concluded the plaintiff's retaliatory discharge claim did "arise under" the Act within the meaning of section 1445(c), stating "were it not for the workers' compensation laws, [retaliatory discharge claims] would not exist."[25] The court reasoned that "[s]uch a resolution [was] necessary in order to satisfy Congress'[s] dictate that, to the extent possible, workers' compensation cases remain in state courts."[26] In this case, were it not for Texas workers' compensation laws, Talamantes's claim would not exist.[27] Remand is "necessary in order to satisfy Congress'[s] dictate that, to the extent possible, workers' compensation cases remain in state courts."[28]

---

[21]*Jones*, 931 F.2d at 1091.

[22]*Id.* at 1092 (emphasis added).

[23]*Id.* at 1091 (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)).

[24]*Id.* (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir. 1964)).

[25]*Id.* at 1092.

[26]*Id.*

[27]*See id.* at 1092.

[28]*Id.*

6

Other Texas divisions have reached this same result.[29] Chromalloy characterizes the decisions of those courts as wrongly decided[30]—relying primarily on the Supreme Court of Texas's decision in *Duhart v. State*[31]—but Chromalloy's argument has been rejected before. In *Castillo v. Angelo Iafrate Construction*, the defendant-employer relied on *Duhart* to avoid section 1445(c). Just as Chromalloy does here, the defendant-employer in *Castillo* argued that "section 408.001(b) merely saves a preexisting cause of action and thus does not 'arise under' the Texas workers' compensation laws."[32] In rejecting the argument, the Northern District of Texas reasoned as follows:

> In *Duhart*, survivors of a state employee sought exemplary damages under a gross negligence claim against the state of Texas. The issue in *Duhart* was whether the state had waived its sovereign immunity. The plaintiffs contended that the state waived its sovereign immunity by incorporating the language of section 408.001(b)'s predecessor into the statute that provided workers' compensation insurance to employees of the Texas Highway Department. The *Duhart* court rejected the plaintiffs' argument and held that the state was immune from suit. In so holding, the *Duhart* court stated, in dicta, that section 408.001(b)'s predecessor "does not create a cause of action for exemplary damages, but merely saves an existing one to the extent allowed by law."
>
> *Duhart* is distinguishable from this case because it dealt with a public employer and sovereign immunity, which involve considerations that do not exist here. The

---

[29]*See Del Carmen Esparza v. Jozwiak*, 391 F. Supp. 2d 504, 507 (E.D. Tex. 2005) ("Since the surviving Plaintiffs' exclusive remedy is the recovery of workers' compensation benefits, the surviving Plaintiffs' claims arise under the workers' compensation laws of the State of Texas and may not be removed to this court."); *Castillo v. Angelo Iafrate Constr.*, No. Civ.A. 303CV0061L, 2003 WL 22287637, at * 4 (N.D. Tex. Sept. 30, 2003) ("The court concludes that Plaintiffs' case [for exemplary damages for the gross negligence by deceased employee's employer] 'arises under' the Texas workers' compensation laws. Accordingly, under 28 U.S.C. § 1445(c), such a case cannot be removed to federal court."); *Sbrusch v. Dow Chem. Co.*, 124 F. Supp. 2d 1090, 1092 (S.D. Tex. 2000) ("The Court must conclude that Plaintiff's case arises under the workmen's compensation laws of Texas. Hence under 28 U.S.C. § 1445(c), the Court must remand.").

[30]Docket entry # 11, p. 9.

[31]610 S.W.2d 740 (Tex. 1980).

[32]*See Castillo.*, No. Civ.A. 303CV0061L, 2003 WL 22287637, at * 2.

biggest drawback to *Duhart*, insofar as supporting Defendants' position that section 408.001(b) merely saves an existing cause of action, is the language of *Duhart* itself. The *Duhart* court stated "*[i]t should be recognized at the outset that this is not a suit under the Texas Workers' Compensation Law*." As *Duhart* was not brought under the workers compensation laws, it cannot be precedent with respect to whether section 408.001(b) "saves" an already existing cause of action or creates an independent cause of action. At best, this language is a gratuitous statement by the court regarding a statute which was not even the basis of the lawsuit. Making a gratuitous comment is a far cry from a specific holding where a court is squarely faced with an issue. For these reasons, *Duhart* does not support Defendants' position.[33]

The Northern District's reasoning applies here. The district court should likewise the argument and remand this case as non-removable under section 1445(c).

## Costs, Expenses, and Attorneys' Fees

In addition to seeking a remand, Talamantes seeks an award of court costs, expenses, and attorneys' fees for time expended in seeking remand of this suit. According to federal statute, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[34] In the Fifth Circuit, "[f]ees should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'"[35] The court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."[36]

An award of costs to Talamantes is appropriate. At the time of removal, at least three

---

[33]*Id*. at * 2-3.

[34]28 U.S.C. § 1447(c).

[35]*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

[36]*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

8

Texas courts had determined that a qualifying survivor's claim for exemplary damages for gross negligence by deceased employee's employer is not removable under section 1445(c). One of those courts rejected Chromalloy's argument based on *Duhart*. Under these circumstances, no objectively reasonable grounds existed for believing the removal was legally proper. For this reason, Talamantes is entitled to an award of court costs, expenses, and attorneys' fees for time expended in seeking remand of this suit. I have directed Talamantes to specify her costs, expenses, and attorneys' fees in a supplemental brief.

**Recommendation**

Because Chromalloy failed to show that this case is removable, I recommend GRANTING Talamantes's motion to remand (docket entry # 7) and REMANDING this case to the 57th Judicial District Court, Bexar County, Texas. Because no objectively reasonable grounds existed for believing the removal was legally proper, I recommend an award of court costs, expenses, and attorneys' fees for time expended in seeking remand of this suit. If the district court remands this case, it should take no action on Chromalloy's motion to dismiss (docket entry # 12) or its motion to compel (docket entry # 21), other than to instruct the clerk of the court to terminate the motion for administrative purposes. The state court should consider the merits of those motions.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[37] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[38] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[39]

**SIGNED** on November 25, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[37] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[38] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[39] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).